## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

ABBEY HOUSE MEDIA, INC, d/b/a )
BOOKSONBOARD )
)
    Plaintiff, )
)
        v. )    Civil Action No. 14 Civ. 2000 (DLC)
)
APPLE, INC., et al., )
)
    Defendants. )
_____)

_____

DIESEL EBOOKS, LLC )
)
    Plaintiff, )
)
        v. )    Civil Action No. 14 Civ. 1768 (DLC)
)
APPLE, INC., et al., )
)
    Defendants. )
_____)

_____

DNAML PTY, LIMITED, )
)
    Plaintiff, )
)
        v. )    Civil Action No. 13 Civ. 6516 (DLC)
)
APPLE, INC., et al., )
)
    Defendants. )
_____)

## JOINT INITIAL REPORT – REVISED AUGUST 7, 2014

Pursuant to section I(A) of the Standing Order for the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York ("Pilot Project Standing Order"), which, by order of this Court, governs pretrial procedures in this matter, all parties in the above-referenced actions submit this Initial Report.  Unless explicitly stated, nothing in this Initial Report shall be construed to create, limit, or waive any rights, privileges, or defenses, including the attorney-client or any other applicable privileges and any defense based on lack of personal jurisdiction or improper venue.

**Plaintiffs' Position**

Plaintiffs propose that the parties conduct discovery on all issues without staging or bifurcation because this will be the most expeditious and efficient way to prepare the case for trial.  Plaintiffs have proposed a short discovery schedule -- fact and expert discovery will be conducted in approximately nine months.  Plenary discovery and an expeditious schedule will allow for a trial date in fall 2015, immediately after a ruling on summary judgment.  The burden on Defendants from such a schedule would be relatively light, given that they have already gathered a significant amount of relevant material for the DOJ Action, Class Action, and State Action and should produce this material to the Plaintiffs as soon as discovery commences.  By contrast, bifurcating discovery as Defendants propose will unnecessarily prolong these proceedings under even the most optimistic projections.  Under Defendants' proposed schedule, summary judgment briefing on causation and damages would not conclude until April 2015, leading to a summary judgment ruling no earlier than the summer of 2015.  Unless the summary judgment ruling completely disposed of all of the actions, the parties would then need to conduct a second phase of discovery on issues related to the underlying conspiracy, perhaps followed by

a second round of summary judgment motions.  Trial would be pushed back well into 2016, if

not to 2017.  In addition, phased discovery could lead to unnecessary disputes about whether

discovery requests properly fall within the boundaries set for the first phase of discovery.

Defendants' contention that their proposal will resolve these matters more swiftly will

hold true only if they win a full victory at the summary judgment stage on causation and injury.

But that assumption is wholly speculative, given this Court's conclusion that "[i]t is more than

plausible that a discount retailer was harmed by a conspiracy to remove retailers' ability to

discount e-books."  MTD Order, *21.  Defendants seek an unusual staging of discovery that puts

virtually all of the burden on the Plaintiffs in the first phase.  Such a lopsided proposal in

Defendants' favor is unwarranted, especially in light of the fact that this Court has found that

Apple and the Publisher Defendants entered into an unlawful conspiracy, and the Defendants

have already made unsuccessful motions to dismiss.  There is no compelling reason to depart

from the standard set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure, that all

parties are entitled to discovery of all relevant information that is "reasonably calculated to lead

to the discovery of admissible evidence."

### **Defendants' Position**

Defendants propose to bifurcate discovery such that the parties will first conduct

discovery on and litigate whether the conspiracy alleged in Plaintiffs DNAML, Diesel, and

BooksOnBoard's respective complaints actually caused the damage claimed, before addressing

the underlying merits of Plaintiffs' antitrust claims.  Under Defendants' proposed schedule,

summary judgment briefing regarding causation and antitrust injury would conclude in April

2015.  Discovery related to causation and Plaintiffs' alleged antitrust injury will be limited

because it will focus on the actual proximate cause for the alleged demise of plaintiffs relatively

small businesses.  Defendants will only need to serve targeted document requests and take the

depositions of a small number of executives from each Plaintiff.  Moreover, discovery from

Defendants will be largely unnecessary because the focus of the inquiry during this initial stage

will be on whether the switch to an agency pricing model was the proximate cause of Plaintiffs'

alleged antitrust injury and whether Plaintiffs were in fact so injured.  Defendants believe that

this approach may resolve these matters swiftly.  Indeed, as the Court noted in its Opinion and

Order on Defendants' Motion to Dismiss Plaintiff DNAML's Complaint, dated June 5, 2014 (the

"MTD Order"), it may be extremely challenging for Plaintiffs to prove causation and damages.

*See* MTD Order, *19-20 ("Lost profits are quite speculative … it will be difficult to determine

what market share, if any, DNAML would have won from the 'large international

conglomerates' that DNAML alleges occupy the retail market … DNAML will find it difficult to

show that the adoption of the agency model, and its elimination of retail price competition, was

the cause of the harm DNAML has identified in its complaint … it appears that Apple's revision

of its App Store Policies in 2011 was the more immediate and direct cause of harm to DNAML's

business plans … the ability to show reasonably certain lost profits due to the conspiracy may be

challenging in the extreme … DNAML may have difficulty proving causation.").  Otherwise, the

parties may waste substantial amounts of judicial, as well as their own, resources on issues

unnecessary for the resolution of these cases.

1.   **DEFINITIONS**

   Throughout this Initial Report, the following terms will be used:

   (a)   "actions" refers collectively to all the above-captioned actions;

(b)     "DOJ Action" refers to United States v. Apple, Inc. et al, Civil Action No. 12-cv-
        2826 (DLC) and "DOJ" refers to the United States Department of Justice;

(c)     "Class Action" refers to the multidistrict litigation titled In re Electronic Books
        Antitrust Litigation, Civil Action No. 11-md-02293 (DLC);

(d)     "State Action" refers to Texas et al v. Penguin Group (USA) Inc., et al, Civil
        Action No. 12-cv-03394 (DLC) and "States" refers to the State Action Plaintiffs;

(e)     "ebook investigation" means DOJ's investigation, formal or informal, of
        Defendants; the States' investigation, formal or informal, of Defendants; or any
        other investigation, whether formal or informal, by any regulatory or
        governmental authority relating to any of the activities or conduct alleged in the
        DOJ Action or State Action;

(f)     "parties" refers collectively to all parties to the actions as of the date of this Initial
        Report and those who later join as parties, and "party" refers to any individual
        member of that group, with (for the purposes of case management only)
        Holtzbrinck Publishers, LLC d/b/a Macmillan and Verlagsgruppe Georg Von
        Holtzbrinck GmBH being considered together as one "party";

(g)     "Plaintiffs" refers collectively to all Plaintiff parties in the actions as of the date of
        this Initial Report and those who later join as Plaintiff parties, and "Plaintiff"
        refers to any individual member of that group;

(h)     "Defendants" refers collectively to all Defendant parties in the actions as of the
        date of this Initial Report and those who later join as Defendant parties, and
        "Defendant" refers to any individual member of that group; and

(i)     "non-parties" refers collectively to persons or entities who were not parties in any of the actions as of the date of this Initial Report and have not since joined as parties, and "non-party" refers to any individual member of that group.

**2.     SCHEDULE**

Attachment A contains schedules proposed by the Plaintiffs and Defendants.

**3.     COORDINATION OF THE ACTIONS**

The parties agree that, to improve the efficiency of discovery in the actions, maintain the proposed schedule, and reduce the burden on any party or non-party responding to discovery requests, all parties will observe the following rules:

(a)     Discovery Shared with All Parties:  Except as otherwise provided in this Initial Report or other applicable stipulation, law, rule, or order:  (1) Parties who produce discovery in any of the actions must produce it to all parties, and (2) If a non-party produces discovery to a party in any of the actions, the receiving party must provide it promptly to all other parties.

(b)     Cross-Use of Discovery:

**Plaintiffs' Position:** All initial disclosures and discovery produced in response to a discovery request or subpoena in any of the actions, including the DOJ, State and Class Actions (even if an action is later stayed, settled, dismissed, or otherwise ceases to be active, or the producing party has settled or been dismissed from any of the actions), including testimony of deposition witnesses, is deemed produced in and may be used, subject to the Federal Rules of Evidence, in the other actions.

6

**Defendants' Position:** All initial disclosures and discovery produced in response to a discovery request or subpoena in any of the actions (even if that action is later stayed, settled, dismissed, or otherwise ceases to be active, or the producing party has settled or been dismissed from any of the actions), including testimony of deposition witnesses, is deemed produced in and may be used, subject to the Federal Rules of Evidence, in the other actions.

(c) <u>Court's Jurisdiction</u>:  To the full extent allowed by law, the parties would propose that the Court exercise jurisdiction to hear any discovery disputes regarding non-party subpoenas served in connection with the actions, including motions to quash or modify and motions to compel.

(d) <u>Foreign Documents and Witnesses</u>:

(1) Each party's litigation counsel in the actions will accept service of discovery requests on its behalf for documents or information located outside the United States if such documents or information are in the possession, custody, or control of the party, the party's subsidiary, or an affiliate of the party which the party controls or for which the party is authorized to accept service, without requiring additional or different procedures to be followed pursuant to the Hague Evidence Convention, the Hague Service Convention, or any other applicable convention, treaty, law, or rule.  The party served with any such discovery request retains the right to object to the request on any appropriate ground other than improper service.

(2)     Each party agrees to negotiate in good faith to establish a protocol for

identifying the documents and information described in paragraph 3(e)(i)

above that can be produced in these actions consistent with any applicable

foreign laws or regulations concerning privacy or confidentiality or

otherwise affecting their production in the United States, or any

convention such as the Hague Evidence Convention, including reasonable

steps to facilitate production, including but not necessarily limited to

obtaining consents to disclosure from a limited number of custodians in

senior management involved in relevant issues, and by meeting and

conferring with other parties to narrow the scope of the documents and

information requested for production.  If a party believes in good faith

that, notwithstanding the process described in this paragraph, such

documents or information cannot be produced in the United States without

violating an applicable foreign law or regulation, it must promptly notify

the other parties and meet and confer to reach a resolution of the issue.

(3)     Each party agrees that its litigation counsel in the actions will accept

service of a deposition notice on its behalf for any witness who is a

managing agent of a party, the party's subsidiary, or an affiliate of the

party which the party controls or for which the party is authorized to

accept service and who resides or is located outside the United States,

without requiring additional or different procedures to be followed

pursuant to the Hague Evidence Convention, the Hague Service

Convention, or any other applicable convention, treaty, law, or rule.  In

addition, each party agrees to make each such witness available for

deposition in New York, NY unless another place in the United States has

been determined by agreement of the parties, and that deposition will be

conducted under applicable United States law.  The parties will use their

best efforts to schedule any such deposition to coincide with U.S. travel

planned by the witness.  The party served with any such deposition notice

retains the right to object to the notice on any appropriate ground other

than improper service.

4.    **INITIAL DISCLOSURES**

The parties will dispense with the initial disclosures described in Federal Rule of Civil

Procedure 26(a)(1), and in place of such disclosures, will exchange the following information:

(a)    <u>All Parties − Custodian Lists</u>:  By September 12, 2014, each party must serve on

all other parties a list of all its employees (current and former) and agents (current

and former) who the party proposes to include as document custodians in the

actions (the "Custodian List").

For each individual listed, the Custodian List must include: (i) the person's

name; (ii) the person's employer and city, state, and country of employment; (iii)

the person's current title, if any, with that party and any other title he or she has

had with the party since January 1, 2008; (iv) a statement as to whether the person

is currently employed by or an agent of the party and, if not, the person's last

known phone number(s), address(es), and email address(es); and (v) a brief

9

statement explaining the nature of the person's relevance to the actions or the relevance of the documents in his or her possession.  If any party objects to the sufficiency of another party's Custodian List, the parties will meet and confer in an attempt to resolve their disagreement, consistent with the procedures described in section 10(b) of this Initial Report.

**Plaintiffs' Position:** Plaintiffs propose that Defendants' Custodian List shall include and separately identify each individual document custodian in the DOJ Action, the Class Action, and the State Action, and the Bates range for each custodian's production in those actions.  When Plaintiffs make their document productions, they will do the same.

**Defendants' Position:** Defendants disagree with plaintiffs' proposal that defendants' custodian lists in these cases must include and identify all custodians from the prior eBooks litigation, because some custodians from those prior actions are not relevant to the current actions, but defendants will agree to separately identify any custodians on their current lists who were also custodians in the prior actions.  Defendants further object to Plaintiffs' request that Defendants provide a bates range of documents produced from each custodian in the eBooks litigation.  Doing so is unnecessary because the production metadata already contains information disclosing the relevant custodian, and providing a separate list of Bates ranges for all custodians is overbroad and unduly burdensome.

10

(b)      <u>All Parties – Rule 26(a)(1)(A)(i) Disclosures</u>:  All parties agree to produce to the other parties the disclosures described in Federal Rule of Civil Procedure 26(a)(1)(A)(i) by September 12, 2014.

(c)      <u>Plaintiffs / Counter-claimants - Rule 26(a)(1)(A)(iii) Disclosures</u>:  Plaintiffs and Counter-claimants agree to produce to the Defendants or Counter-defendants the disclosures described in Federal Rule of Civil Procedure 26(a)(1)(A)(iii) by September 12, 2014 to the extent feasible.

## 5.      DOCUMENT PRODUCTION, INCLUDING ESI

The parties have prepared a separate proposed order regarding the logistics of document discovery in the actions, which includes initial provisions for the collection and production of electronically stored information ("ESI").  <u>See</u> Attachment B.

## 6.      DISCOVERY LIMITATIONS

**<u>Party Discovery</u>**

(b)      <u>Consultation</u>:

**<u>Defendants' Position:</u>** Defendants propose that each Plaintiff must consult the other Plaintiffs, and each Defendant must consult the other Defendants, before serving any discovery request on a party for the purpose of ensuring that the parties do not serve unnecessarily duplicative requests and, for deposition notices, to allow Plaintiffs (or Defendants) to confer on the number of notices needed.

**<u>Plaintiffs' Position:</u>** Plaintiffs pledge to coordinate among themselves to the extent feasible but do not agree that consultation on discovery requests should be a prerequisite to serving a discovery requests.  The proposed discovery schedule

is short and Plaintiffs are differently situated in some material respects.  Plaintiffs

have no objection to conferring on deposition notices and schedules.

(c)     <u>Document Requests</u>:  Each party may serve an unlimited number of document

requests to any other party(-ies).

(d)     <u>Interrogatories</u>:  Plaintiffs collectively may serve 25 interrogatories on the

Defendants (to any one party, or divided among multiple parties).  Defendants

collectively may serve 25 interrogatories on the Plaintiffs (to any one party, or

divided among multiple parties).

(e)     <u>Contention Interrogatories</u>:  Plaintiffs collectively may serve contention

interrogatories on the Defendants (to any one party, or divided among multiple

parties).  Defendants collectively may serve contention interrogatories on the

Plaintiffs (to any one party, or divided among multiple parties).   Each contention

interrogatory served will count towards the limits described in paragraph 6(c).

Contention interrogatories shall not be subject to the time limitations in Local

Rule 33.3 and may be served 45 days before opening expert reports are filed.

(f)     <u>Requests for Admission</u>:  Plaintiffs collectively may serve 25 requests for

admission on the Defendants (to any one party, or divided among multiple

parties).  Defendants collectively may serve 25 requests for admission on the

Plaintiffs (to any one party, or divided among multiple parties).

(g)     <u>Party Fact Depositions</u>:

**<u>Plaintiffs' Position</u>**:  Plaintiffs propose that Plaintiffs (collectively) and

Defendants (collectively) may each notice the deposition of up to 30 party fact

12

witnesses pursuant to Federal Rules of Civil Procedure 30(b)(1) or 30(b)(6), for discovery related to any relevant issues, provided however that for 30(b)(6) depositions, each 7-hour period of deposition (whether with a single witness or multiple witnesses, and whether on a single noticed topic or multiple noticed topics) will count as one deposition against the total allotment for party depositions.

**Defendants' Position**:  Defendants propose that for discovery related to causation and antitrust injury, Plaintiffs (collectively) may notice the deposition of up to 10 party fact witnesses pursuant to Federal Rules of Civil Procedure 30(b)(1) or 30(b)(6).  For discovery related to causation and antitrust injury, Defendants (collectively) may notice the deposition of up to 10 party fact witnesses pursuant to Federal Rules of Civil Procedure 30(b)(1) or Rule 30(b)(6).  For 30(b)(6) depositions, each 7-hour period of deposition (whether with a single witness or multiple witnesses, and whether on a single noticed topic or multiple noticed topics) will count as one deposition against the total allotment for party depositions provided in this paragraph.  For any possible future party discovery unrelated to causation and antitrust injury, the parties will meet and confer regarding a schedule and quantity of discovery mechanisms.

(h)   Identical Requests:

**Defendants' Position:** Defendants propose that each discovery request, even if identical to a request served on a different party, will count against the total allotment of such requests as provided herein.

13

**Plaintiffs' Position:** Plaintiffs do not agree with this proposal, which would effectively require Plaintiffs to serve consolidated discovery requests against all Defendants.  Defendants played different roles at different times in the conspiracy, which makes consolidated requests more cumbersome than useful. Defendants' request for separate trials highlights these differences.

**Non-Party Discovery**

(i)    <u>Joint Requests Only</u>:

**Defendants' Position:** Defendants propose that no discovery request (whether a document request, deposition notice, or other) may be served on any non-party except by joint subpoena of the Plaintiffs collectively or Defendants collectively.

**Plaintiffs' Position:** Plaintiffs do not agree to this proposal.  While Plaintiffs will coordinate among themselves to the extent practicable, Plaintiffs may wish to pursue differing discovery strategies in relation to non-parties.

(j)    <u>Limitations</u>:  Plaintiffs (collectively) and Defendants (collectively) each may (i) serve no more than two subpoena duces tecum on any single non-party, with the total number of non-parties subpoenaed to remain unlimited, and (ii) depose up to 10 non-party witnesses, pursuant to subpoenas ad testificandum or otherwise.  If the identity of the particular non-party witness to be deposed is not stated in the subpoena and the non-party offers the deposition of more than one witness in response to the subpoena, each 7-hour period of deposition will count as one deposition against the total allotment for non-party depositions provided in this paragraph.

(k)     Contact with Subpoenaed Non-Parties:  Each party must provide the other parties

with:  (1) a copy of the party's written communications (including email) with

any non-party containing any substantive content concerning the subpoena or the

subpoenaed non-party's response to or compliance therewith, within 24 hours of

the communication; (2) a written record of any oral or written modifications to the

subpoena, within 24 hours of the modification; (3) notice that the party has

received any documents or data from the non-party in response to the subpoena,

within 24 hours of receipt; and (4) a copy of such documents or data, promptly

upon receipt.

**Further Discovery Stipulations**

(l)     Accounting of Discovery Requests/Subpoenas:  From time to time, the parties

must meet and confer on the calculation of the number of allotted discovery

requests and subpoenas that each believes has been used.

(m)     Withdrawal of Deposition Notices:  Upon giving reasonable notice, a party

(including Plaintiffs collectively or Defendants collectively) may withdraw a

deposition notice at any time prior to the deposition, and that deposition will not

count against the party for purposes of the number of depositions allotted herein.

(n)     Rights Reserved:  Nothing in this section prohibits a party or non-party from

objecting to or moving to quash or modify any particular discovery request or

subpoena it receives, or from seeking a protective order from the court, on any

appropriate ground, including that the discovery requests noticed to it are

cumulative or unfairly burdensome.  In addition, for good cause shown, any party

15

may seek relief from the Court from the limitations set forth under this section

heading ("Discovery Limitations").

(o)     Protective Order:

**Defendants' Position:** Defendants propose that all discovery in this case shall be

made pursuant to a suitable protective order, which the parties shall negotiate in

good faith and shall be entered by the Court.

**Plaintiffs' Position:** Plaintiffs note that many of the facts surrounding

Defendants' conspiracy are already in the public record, partly as a result of this

Court's opinion in the DOJ Action.  However, Plaintiffs are not opposed to

negotiating a tailored protective order and would be open to considering such an

order should the Defendants propose appropriate language.

**7.  FACT DEPOSITIONS**

**Attendance & Scheduling**

(a)     All parties may attend any deposition noticed in any of the actions.  Parties must

provide reasonable notice of the number and identity of attendees prior to each

scheduled deposition.

(b)     Except in the case of foreign witnesses as set forth in Section 3(d)(3) herein,

within one week of service of any party deposition notice, the noticed party must

notify all other parties that the noticed deposition date is acceptable or offer an

alternative date within 7 days of the of the noticed date.  Parties noticing a

deposition must make reasonable efforts to choose a date for the deposition that is

convenient for the witness and, when possible, all attending parties.

16

(c)     Depositions conducted solely to inquire of a witness regarding document or data location, management, or preservation may be taken at any time during the fact discovery period beginning 30 days after the filing of this Revised Joint Initial Report.  All other fact depositions may be taken starting on the date provided in the case schedule.

**Time**

(d)     Absent prior agreement or leave from the court, depositions will proceed for no more than 7 hours of on-the-record time.

    i.     Any party who noticed the deposition (including Plaintiffs collectively or Defendants collectively, for non-party depositions) is entitled to question the witness for 6 of the 7 hours of on-the-record time, or an equivalent portion of any deposition scheduled to last more or less than 7 hours on-the-record.

    ii.     Plaintiffs noticing a deposition may allocate their examination time amongst the Plaintiffs as they deem necessary, and, regardless of the allocation of time amongst the Plaintiffs, the deposition will count against the allotment of depositions provided in section 6 above for the Plaintiffs collectively.  Defendants noticing a deposition may allocate their examination time amongst the Defendants as they deem necessary, and, regardless of the allocation of time amongst the Defendants, the deposition will count against the allotment of depositions provided in section 6 above for the Defendants collectively.

17

    iii.   During the time remaining after the noticing  parties have finished their examination, any other parties attending the deposition (including the party defending the deposition, or, if none, the witness's counsel) may question the witness, with a reasonable division of this time to be determined among them.

    iv.   For non-party depositions noticed by the Plaintiffs collectively or Defendants collectively, the member parties of the noticing group must meet and confer to determine how the allotted time for the deposition will be used among them.

**Questioning & Objections**

(e)    An objection or motion to strike made by any party at a deposition will be preserved for all other parties and need not be explicitly joined.  Speaking objections shall not be permitted with the exception of an objection based on an assertion of the attorney-client privilege or any other privilege.

**Logistics & Costs**

(f)    The first party to notice the deposition will be responsible for arranging for the deposition space, court reporter, and (if necessary) videographer.

(g)    Each party is responsible for ordering and paying for its own copies of the transcripts or video from the court reporter or videographer, unless the parties agree to share these costs.

**30(b)(6) Depositions**

18

(h)     A party served with a notice for deposition pursuant to Federal Rule of Civil

Procedure 30(b)(6) may designate one person to testify on more than one noticed

topic, or may designate more than one witness to testify on a single noticed topic.

(i)     For a witness who may act both as an individual and 30(b)(6) witness, the parties

will make reasonable efforts to address all topics relevant to the witness in one

deposition.

**Additional Depositions**

(j)     On the date set forth in the case schedule, each party must serve on the others a

preliminary list of fact witnesses that, in the good-faith assessment of the party, it

will call to testify at trial in its case-in-chief.  For each such witness under that

party's control, the party will make reasonable efforts to secure the witness's

attendance at a deposition promptly, if so noticed by any party pursuant to this

Initial Report.

(k)     Any person not serving as a party's external legal counsel in the actions who

submits a declaration, affidavit, or affirmation in support of any motion, letter to

court, or other submission by a party in one or more of the actions, at any time,

may be deposed thereafter by any party.

(l)     Any witness appearing on a party's final trial witness list who has not previously

been deposed in the actions and who was not previously identified as a potential

witness may be deposed prior to trial (or, if the parties agree, during trial).

**8.     EXPERTS**

(a)     The parties will make all disclosures required by Federal Rule of Civil Procedure

26(a)(2), as modified or limited herein, at the times and in the manner provided

below and in the schedule found at Attachment A.  The term "expert" as used

herein refers to a witness a party may use to present evidence under Federal Rule

of Evidence 702, 703, or 705.

(b)     Expert Identity and Subject Matter:  On the date provided in the case schedule,

each party bearing the burden on an issue and that intends to offer the testimony

of one or more experts on that issue must disclose to the other parties:  (i) each

expert's name and employer or associated organization, and (ii) the general

subject matter of the expert's expected testimony.

(c)     Opening Expert Reports and Summaries:  On the date provided in the case

schedule, each party bearing the burden on an issue and that intends to offer the

testimony of one or more experts on that issue, excluding any testimony described

in Federal Rule of Civil Procedure 26(a)(2)(D)(ii), must serve an expert report (or,

as applicable, a summary for each expert in compliance with Federal Rule of Civil

Procedure 26(a)(2)(B) and (C)), provided, however, that the term "considered" as

used in Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall

be interpreted as "relied upon" for purposes of this section 8.

(d)     Rebuttal Expert Reports and Summaries:  On the date provided in the case

schedule, each party must serve any rebuttal expert reports responding to one or

more of the opening expert reports, pursuant to Federal Rule of Civil Procedure

26(a)(2)(D)(ii), or rebuttal summaries in compliance with Rules 26(a)(2)(B) or

(C).  No further expert reports or summaries are allowed without leave of Court.

(e)      <u>Associated Documents and Data</u>:  Within 2 business days of service of any expert

report, the serving party must produce to all other parties a copy of all documents

or data relied on therein, except for any documents or data that have been

produced previously in the actions, which can instead be referred to by Bates

number.  To the extent the disclosures in an expert report include, rely upon, or

describe exhibits, information, or data processed or modeled by a computer at the

direction of an expert in the course of forming the expert's opinions, the party

offering the expert's opinions must produce machine-readable copies of the data

along with the appropriate programs, software, and instructions, except that no

party need produce programs, software, or instructions that are commercially

available at a reasonable cost.  No party need produce databases, programs, and

software that (i) are used in the ordinary course of a party's business and (ii) are

not practicable to copy, as long as the party offering the expert's opinion provides

timely and reasonable access for purposes of replication or analysis of disclosed

results.

(f)      <u>Expert Discovery Limitations</u>:  The provisions of Federal Rule of Civil Procedure

26(b)(4)(C), as modified or limited herein, will apply to expert discovery in the

actions.  No expert or party is required to produce or describe on a privilege log

and no party may seek discovery of by any method (including by deposition):

(1) any communication between an expert (including his or her assistants,

employees, or agents) and a party offering the testimony of such expert (including the party's employees, agents, consultants, and counsel, and their employees or agents); (2) any communication between an expert and his or her employees, assistants, or agents; (3) drafts of any report, exhibit, study, work paper, computation, calculation, compilation, or any other material prepared by, for, or at the direction of an expert, regardless of the form in which the draft is recorded; or (4) any notes or other writings made by, for, or at the direction of an expert. Nothing in this paragraph relieves an expert or party from the duty to identify the facts, data, and assumptions that the expert relied upon in forming his or her opinions.

(g)     Depositions:  The parties have not waived expert depositions.  An expert may be deposed for up to 2 days (14 hours of on-the-record time).

(h)     Finality of Expert Evidence:  Subject to the duty to correct under Federal Rule of Civil Procedure 26(a)(2)(E) and Rule 26(e)(2), no expert report, summary, or other expert evidence may be supplemented, and no expert evidence may be offered or admitted that has not been timely and properly disclosed, except by leave of Court.

## 9.    DISPUTES & MOTIONS

(a)     Future Discovery Disputes:  If discovery disputes arise between the parties, the parties must follow the procedures for seeking resolution of such disputes set forth in this Court's Individual Practices in Civil Cases at section 2(c).

(b) <u>Non-Discovery Motions</u>:  Section 3(A) of this Court's Individual Practices in Civil Cases (which dispenses with the pre-motion conference requirement for all motions except discovery motions), and not section III(A) of the Pilot Project Standing Order, governs non-discovery motion practice in the actions.  Otherwise, section III of the Pilot Project Standing Order governs non-discovery motion practice in the actions.

(c) <u>Rule 56.1 Statements</u>:  If any party intends to file a motion for summary judgment under Federal Rule of Civil Procedure 56, that party will notify all other parties in the relevant action(s) sufficiently in advance to determine whether the parties will recommend to the Court, pursuant to section III(D) of the Pilot Project Standing Order, that no party will file a Statement of Material Facts as described in Southern District of New York Local Rule 56.1.

## 10. TRIAL

(a) <u>Magistrate Trial</u>:  The parties do not consent to trial by magistrate.

(b) <u>Pretrial Order</u>:  The parties do not consent to waive the pretrial order.

(c) It is Publisher Defendants' position that while pretrial discovery among all defendants may be coordinated, given the different positions as among Apple and the Publisher Defendants with respect to prior litigation, a separate trial is necessary.  Plaintiffs believe that it is premature to commit to separate trials. Plaintiffs' position is that a single trial would be a more efficient use of the Court's and the parties' resources.  If later developments — such as a ruling on the collateral estoppel effect of the DOJ Action, render a single trial

unworkable, the Defendants may move for separate trials at the appropriate

time.

Attachment A:  Schedule

Attachment B:  Joint Electronic Discovery Submission No. 1

**STIPULATED AND AGREED TO:**

Dated: August 7, 2014            By:      /s/ Maxwell M. Blecher_____

                                  Maxwell M. Blecher
                                  Jordan L. Ludwig
                                  Blecher Collins Pepperman & Joyce, P.C.
                                  515 S. Figueroa St., Suite 1750
                                  Los Angeles, CA 90071
                                  Tel: (213) 622-4222
                                  Fax: (213) 622-1656
                                  mblecher@blechercollins.com
                                  jludwig@blechercollins.com

                                  *On behalf of the Plaintiffs Abbey House Media, Inc.*
                                  *d/b/a Booksonboard, and Diesel Ebooks, LLC*

By:  /s/ Michael J. Guzman_____

Michael J. Guzman
Derek T. Ho
Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC
1615 M St. NW, Suite 400
Washington, DC 20036
Tel: (202)326-7910
mguzman@khhte.com
dho@khhte.com

*On behalf of the Plaintiff DNAML PTY, Limited*

25

By:      /s/ Charles Scott Lent

Charles Scott Lent
Arnold & Porter LLP
399 Park Avenue, 34th Floor
New York, NY 10022
Tel: (212) 715-1784
Fax: (212) 715-1399
scott.lent@aporter.com

*On behalf of Defendant HarperCollins Publishers
L.L.C.*

By:     /s/ Yehudah L. Buchweitz _____

James W. Quinn
Yehudah L. Buchweitz
Jeff L. White
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
james.quinn@weil.com
yehudah.buchweitz@weil.com
jeff.white@weil.com

*On behalf of Defendant Simon & Schuster, Inc.*

By:     /s/ Joel M. Mitnick _____

Joel M. Mitnick
John J. Lavelle
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
jmitnick@sidley.com
jlavelle@sidley.com

*On behalf of Defendants Holtzbrinck Publishers,*
*LLC d/b/a Macmillan and Verlagsgruppe Georg*
*von Holtzbrinck GmbH*

By:     /s/ Michael Lacovara

Michael Lacovara
Richard S. Snyder (pro hac vice)
Samuel J. Rubin
Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 277-4000
Fax: (212) 277-4001
michael.lacovara@freshfields.com
richard.snyder@freshfields.com
samuel.rubin@freshfields.com

*On behalf of Defendant Hachette Book Group, Inc.*

By:     /s/ Saul P. Morgenstern_____

Saul P. Morgenstern
Amanda C. Croushore
Alice C. C. Huling
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
Tel: (212) 836-8000
Fax: (212) 836-6333
saul.morgenstern@kayescholer.com
amanda.croushore@kayescholer.com
alice.huling@kayescholer.com

*On behalf of Defendant The Penguin Group, A Division of Pearson PLC*

By: /s/ Theodore J. Boutrous, Jr.

   Theodore J. Boutrous, Jr.
   Daniel G. Swanson
   Gibson, Dunn & Crutcher, LLP
   333 South Grand Avenue
   Los Angeles, CA  90071
   (213) 229-7000
   tboutrous@gibsondunn.com

   Lawrence J. Zweifach
   Gibson, Dunn & Crutcher, LLP
   200 Park Avenue
   New York, NY 10166-0193
   (212) 351-4000

   Cynthia Richman
   Gibson, Dunn & Crutcher, LLP
   1050 Connecticut Avenue, N.W.
   Washington, DC  20036
   (202) 955-8500

   *On behalf of Defendant Apple, Inc.*

## ATTACHMENT A:  SCHEDULE

Roman type indicates dates ordered by the Court.  Italic type indicates additional dates agreed to by the parties.

All dates remain subject to Court discretion.

**PLAINTIFFS' PROPOSED SCHEDULE:**

| | |
|---|---|
| Joint Initial Report and Joint Electronic Discovery Submission No. 1 and [Proposed] Order ("ESI Order") filed | August 7, 2014 |
| Custodian Lists served | *September 12, 2014* |
| Initial disclosures served (on or about) | *September 12, 2014* |
| Court status conference | August 14, 2014 |
| Last date to complete the meet-and-confer process on document production plan objections | |
| Parties to complete initial document collection and provide information set forth in ESI Order at 6(a) | |
| [Interim dates for rolling document production and check-in conferences] | |
| Fact depositions may begin | *October 6, 2014* |
| Parties to identify experts and testimony subject matter pursuant to Joint Initial Report 8(b) | March 1, 2015 |
| Privilege logs served | |
| Opening expert reports served | *March 13, 2015* |
| Rebuttal expert reports served | *April 17, 2015* |
| End of fact and expert discovery | *May 15, 2015* |
| Summary judgment motions filed | *July 3, 2015* |
| Summary judgment motion oppositions filed | *July 31, 2015* |
| Summary judgment motion replies filed | *August 14, 2015* |
| Joint Preliminary Trial Report served | *September 11, 2015* |
| *In limine* motions filed | *September 11, 2015* |
| *In limine* motion oppositions filed | *September 18, 2015* |

| | |
|---|---|
| *In limine* motion replies filed | *September 25, 2015* |
| Final Pretrial Conference | *October 9, 2015* |
| Trial | *October 19, 2015* |

**DEFENDANTS' PROPOSED SCHEDULE:**

If summary judgment as to causation and antitrust injury is denied, then the parties will negotiate a schedule for remaining discovery and trial. Defendants' proposed schedule is expressly dependent on the only experts being on causation and antitrust injury, but not on calculation of any such damages, which Defendants believe is best deferred as well.

| | |
|---|---|
| Joint Initial Report and Joint Electronic Discovery Submission No. 1 and [Proposed] Order ("ESI Order") filed | August 7, 2014 |
| Custodian Lists served | *September 12, 2014* |
| Initial disclosures served (on or about) | *September 12, 2014* |
| Court status conference | August 14, 2014 |
| Last date to complete the meet-and-confer process on document production plan objections | |
| Parties to complete initial document collection and provide information set forth in ESI Order at 6(a) | |
| [Interim dates for rolling document production and check-in conferences] | |
| Fact depositions may begin | *October 6, 2014* |
| End of fact discovery | *November 30, 2014* |
| Parties to identify experts and testimony subject matter pursuant to Joint Initial Report 8(b) | December 5, 2014 |
| Privilege logs served | |
| Opening expert reports served | |

| Rebuttal expert reports served | |
|---|---|
| End of expert discovery | *January 31, 2015* |
| Summary judgment motions filed | *March 13, 2015* |
| Summary judgment motion oppositions filed | *April 10, 2015* |
| Summary judgment motion replies filed | *April 24, 2015* |

60163.1