Margaret A. Rogers
+1 212 836 7830 office
margaret.rogers@kayescholer.com

250 West 55th Street
New York, NY 10019-9710
+1 212 836 8000 main
+1 212 836 6711 fax

January 20, 2015

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

Re: *Abbey House Media, Inc. d/b/a BooksOnBoard v. Apple, Inc.*, No. 14 Civ. 2000; *Diesel Ebooks, LLC v. Apple, Inc.*, No. 14 Civ. 1768, *DNAML PTY, Limited v. Apple, Inc.*, No. 13 Civ. 6516

Dear Judge Cote:

We represent defendant Penguin Group (USA) LLC ("Penguin") in connection with the referenced actions. We respectfully submit this letter in response to plaintiffs' January 16, 2015 Letter Motion (Doc. #96), requesting that the Court order Penguin "to produce documents concerning Penguin's own discounting and price promotion of e-books" after it switched to agency. Plaintiffs' request should be denied because it poses an undue burden in exchange for no benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

Rule 26(b)(2)(C)(iii) provides that discovery "must" be limited where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Here, any burden or expense outweighs any potential benefit.

The only basis for this request Plaintiffs' offered in their December 23, 2014 letter (*see* Exh. A) and in our meet and confer call is that the documents were relevant because "[e]vidence that the Publisher Defendants engaged in discounting and price promotion would support the contention that these are valuable business tools and that Plaintiffs were harmed by Defendants' [alleged] conspiracy to eliminate the Plaintiffs' ability to pursue such strategies." As we advised Plaintiffs during that call and in our January 12, 2015 letter (*see* Exh. B at p. 3), Penguin does not dispute that "discounting and price promotion are valuable business tools". There is no justification for demanding discovery on an undisputed point, particularly in light of the voluminous discovery that has been provided. *See Citicorp. v. Interbank Card Ass'n*, 87 F.R.D. 43, 48 (S.D.N.Y. 1980) ("in light of the voluminous discovery that appears to have taken place thus far, the Court admonishes the parties to "make every effort to stipulate all facts not genuinely in dispute"); *Thibault v. BellSouth Telecomms. Inc.*, Civ. No. 07-200, 2008 WL

The Honorable Denise L. Cote                  2                  January 20, 2015

4808893 at *6 (E.D. La. Oct. 30, 2008) (motion to compel denied when a stipulation of fact would suffice, or facts could be established by either one or two questions at a Rule 30(b)(6) deposition or a single request to admit).

Plaintiffs' argument that the documents are relevant to their core theory that the alleged "conspiracy caused them harm by preventing Plaintiffs from engaging in discounting, price promotion, and other retail innovation," (Doc. #96, at 2) misses the point. Whether plaintiffs suffered any harm because of agency limitations on discounting depends upon whether *Plaintiffs* could or would have successfully used discounting and price promotion to compete with the likes of Amazon and Barnes & Noble, not on whether discounting or price promotion can be "valuable business tools" in the hands of Penguin or anyone else. The issue is thus not whether these are valuable business practices – which is not in dispute – but whether, in fact, Plaintiffs could or did use those "tools" *with or without agency*, and why. Penguin's choices will not shed light on that subject. In contrast, the documents Plaintiffs have produced to date will; they demonstrate that, in fact Plaintiffs either did not discount or could not sustainably do so, well before agency, to compete with the massive resellers that did.[1]

Finally, Plaintiffs state for the first time in their letter motion that they are only asking Penguin to search an "extant collection of documents." At the time of their request, Penguin understood Plaintiffs' demand to require that it search the entire company for documents showing whether and when it discounted or promoted on price, an extensive undertaking in a company the size of Penguin.

Even with the limitation to Penguin's extant collection of documents, Penguin submits that there is no justification for imposing any burden on Penguin to search for, review, and produce documents on this subject given that Penguin agrees with and would stipulate to the proposition for which Plaintiffs claim they need it – that discounting and price promotion are important, valuable business tools. As Penguin is not contesting the proposition for which they say this discovery is necessary, should the Court require Penguin to produce documents, Plaintiffs and not Penguin should pay for any incremental cost associated with such production.

                                               Respectfully submitted,

                                               */s/ Margaret Rogers*

                                               Margaret A. Rogers

Copies to All counsel of record by ECF

---

[1] Moreover, the discovery record in the prior case shows that Penguin's use of price variation to compete with other publishers post agency was a subject of discovery requests and testimony (*see e.g.* Exh. C, Tim McCall Dep. at 129:14-130:21, 219:17-221:8; *see also* Exh. D at 3 n.1 and n.2) in the previous litigation, demonstrating that (i) Plaintiffs' demand is duplicative of prior discovery and (ii) Plaintiffs appear to have ignored the Court's direction to review the prior case discovery at the outset and cabin subsequent requests to avoid duplication.