KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE

1615 M STREET, N.W.

SUITE 400

WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:

(202) 326-7999

January 30, 2015

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *DNAML Pty, Limited v. Apple, Inc. et al.,* 13 Civ. 6516 (DLC)
              *Diesel eBooks, LLC v. Apple, Inc. et al.,* 14 Civ. 1768 (DLC)
              *Abbey House Media, Inc. v. Apple, Inc. et al.,* 14 Civ. 2000 (DLC)

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

The Honorable Denise L. Cote
January 30, 2015
Page 2

Dear Judge Cote:

      We write on behalf of Plaintiffs to update the Court regarding the ongoing discovery dispute between Plaintiffs and Defendant The Penguin Group ("Penguin"). Pursuant to the Court's order of January 21, 2015, *DNAML* Dkt. 103, Plaintiffs presented a proposed stipulation to Penguin on January 23, 2015. Over the past week, the parties have exchanged alternative proposals and have met and conferred, including by telephone today. Unfortunately, we have been unable to agree on a stipulation.

      Plaintiffs request that the Court order Penguin to either sign Plaintiffs' version of the proposed stipulation or provide the discovery sought by Plaintiffs' letter-motion. (*DNAML* Dkt. 97). For context, we enclose Plaintiffs' proposed stipulation as Attachment A and Penguin's proposed stipulation as Attachment B.

      Penguin's proposed stipulation that "discounting and price promotion are, or can be, important, valuable business tools," takes far too narrow a view of what the discovery would show. Plaintiffs have made clear, including in our letter to the Court of January 20, 2015, *DNAML* Dkt. 97, that we sought these documents in order to show that Penguin used these tools in the e-book market after taking them away from us and other retailers by imposing the agency model. The documents will further show that Penguin found them effective in increasing customer loyalty and sales volume of e-books. Plaintiffs were harmed when Penguin took these tools from us and started using them for Penguin's own benefit.

      In searching through Penguin's prior productions, Plaintiffs found a few documents, referenced in Plaintiffs' proposed stipulation, that make clear that Penguin was in fact engaging in discounting and price promotion after agency. The discovery sought will very likely yield many more such documents. If Penguin were to agree to Plaintiffs' proposed stipulation, Plaintiffs would agree not to request that Penguin search for additional examples. But since Penguin will not agree, Plaintiffs should be entitled to all the available documents on this subject. Penguin's arguments about burdens are entitled to even less weight given their refusal to agree to a reasonable stipulation.

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

The Honorable Denise L. Cote
January 30, 2015
Page 3

        Respectfully Submitted,

        KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, PLLC

        By:    /s/ Michael J. Guzman

        Michael J. Guzman (*pro hac vice*)
        Derek T. Ho (DH0104)
        Sumner Square
        1615 M St. NW, Suite 400
        Washington, DC 20036
        Tel: (202)326-7910
        mguzman@khhte.com
        dho@khhte.com

        *On behalf of Plaintiff DNAML PTY, Limited*

        BLECHER COLLINS PEPPERMAN & JOYE, P.C.

        By:    /s/ Maxwell M. Blecher

        Maxwell M. Blecher (*pro hac vice*)
        Jordan L. Ludwig (*pro hac vice*)
        515 S. Figueroa St., Suite 1750
        Los Angeles, CA 90071
        Tel: (213) 622-4222
        Fax: (213) 622-1656
        mblecher@blechercollins.com
        jludwig@blechercollins.com

        *On behalf of the Plaintiffs Abbey House Media, Inc. d/b/a Booksonboard, and Diesel Ebooks, LLC*

cc:    Counsel of Record (via ECF Notification)