# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Daniel G. Swanson
Direct: +1 213.229.7430
Fax: +1 213.229.6430
DSwanson@gibsondunn.com

Client: 03290-00056

September 29, 2015

The Honorable Denise Cote
United States District Judge
Daniel P. Moynihan U.S. Courthouse
New York, NY 10007-1312

Re:   *DNAML PTY, Limited v. Apple Inc., et al.*, No. 13-CV-6516

Dear Judge Cote:

Apple submits this letter in response to the Court's September 28, 2015 Order, amending the briefing schedule for DNAML's summary judgment motion against the Publisher Defendants (the "Publisher Defendant Motion"). For the reasons summarized below, Apple respectfully requests that consideration of DNAML's summary judgment motion against Apple (the "Apple Motion") be placed on the same schedule outlined in the Court's September 28, 2015 Order. *See* Dkt 152 (Publisher Defendants' response to DNAML's motion for summary judgment "shall be due 3 weeks after the Court's ruling on the defendants' summary judgment motion. The reply will be due 2 weeks thereafter. This schedule may be adjusted for holidays.").

Principles of judicial economy and efficiency served by staggered briefing on the Publisher Defendant Motion would be served by staggered briefing on the Apple Motion. The Publisher Defendants and Apple together filed a summary judgment motion against DNAML, and, as the Publisher Defendants noted, this motion is potentially dispositive. Dkt. 149. If granted, it would dispose "of DNAML's entire case," *id.*, and thus would eliminate the need for the Court and parties to reach the issues raised in DNAML's Apple Motion—as well as the need for a trial.

Resolution of the Apple Motion, however, would not have the same dispositive impact. The Apple Motion asks the Court to "grant collateral estoppel effect to this Court's and the Second Circuit's rulings that Apple committed a *per se* violation of Section 1 of the Sherman Act by participating in and facilitating the agency conspiracy." Dkt. 141 at 13-14. It does not, however, seek collateral estoppel on the issues of causation and antitrust injury, which are necessary elements of proof of liability.[1] *See Argus, Inc. v. Eastman Kodak Co.,*

---

[1] These issues were not raised in the prior DOJ litigation: the DOJ did not prove, and was not required to prove as an element of its claim against Apple, harm to e-book retailers, much less to DNAML. *See* 15

*(Cont'd on next page)*

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

# GIBSON DUNN

The Honorable Denise Cote
September 29, 2015
Page 2

801 F.2d 38, 41 (2d Cir. 1986) ("lack of causation in fact is fatal to the merits of any antitrust claim"); *Hudson Valley Asbestos Corp. v. Tougher Heating & Plumbing Co.*, 510 F.2d 1140, 1142 (2d Cir. 1975) ("Failure to prove that it was injured 'by reason of' the defendants' alleged antitrust violations is of course sufficient to defeat Hudson Valley's claims."); *Gatt Communs., Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 76 (2d Cir. 2013) ("[T]o establish antitrust injury, [a] plaintiff must demonstrate that its injury . . . 'flows from that which makes . . . defendants' acts unlawful.'") (quoting *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 438 (2d Cir. 2005)). Therefore, DNAML's motion against Apple, like its motion against the Publisher Defendants, will not obviate the need for a trial or for resolution of Defendants' summary judgment motion. Under these circumstances, resolution of the Defendants' motion, prior to consideration of DNAML's Apple Motion, is the most efficient and economical way to proceed. And this sequencing would not prejudice DNAML, particularly given the revised briefing schedule entered with respect to the Publisher Defendant Motion. *See* Dkt. 152.

For the foregoing reasons, Apple respectfully requests that the briefing on DNAML's summary judgment motion against Apple be placed on the same schedule as the briefing on DNAML's summary judgment motion against the Publisher Defendants.

Sincerely,

By: /s/ Daniel G. Swanson /DSH

Daniel G. Swanson
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000
dswanson@gibsondunn.com

*On behalf of Defendant Apple Inc.*

---

*(Cont'd from previous page)*

U.S.C. § 4 (authorizing the DOJ to "institute proceedings in equity to prevent and restrain" Sherman Act violations without any showing of injury or damages). Nor did the State plaintiffs ever prove such harm.